# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWARD REICHERTER,

                        Plaintiff,

      -against-

TOWN OF HEMPSTEAD,

                       Defendant.
-----------------------------------------------------------x

15-cv-3879
(JMA)(ARL)

**VERIFIED ANSWER**

Defendant, THE TOWN OF HEMPSTEAD (hereinafter "Town"), by its attorneys, BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., as and for its Verified Answer to the Verified Complaint herein, respectfully allege as follows:

## AS AND FOR AN ANSWER TO PRELIMINARY STATEMENT

1. Town denies each and every allegation set forth in paragraph "1" of the Verified Complaint except to aver that Plaintiff has been employed by the Town since November 12, 1985.

2. Town denies each and every allegation set forth in paragraph "2" of the Verified Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

3. Town neither admits nor denies the truth of each and every allegation set forth in paragraph "3" of the Verified Complaint, and respectfully refers all questions of law to the Court.

4. Town neither admits nor denies the truth of each and every allegation set forth in paragraph "4" of the Verified Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO PARTIES

5. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Verified Complaint, except to aver that Plaintiff was an employee of the Town.

6. Town admits the allegations set forth in paragraph "5" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE FACTUAL ALLEGATIONS

### *Background*

7. Town admits the allegations set forth in paragraph "7" of the Verified Complaint.

8. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint, except to aver that Plaintiff was an employee of the Town since November 1985.

9. Town denies the allegations set forth in paragraph "8" of the Verified Complaint, except to aver that he was assigned as a Park Supervisor II at Oceanside Park on January 16, 2006.

10. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint, except to aver that in 2009 Plaintiff passed the Park Supervisor III Civil Service Examination.

11. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint, except to aver that Plaintiff was assigned as a Park Supervisor III to Newbridge Road Park on April 25, 2011.

12. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Verified Complaint, except to aver that Bay Park is part of the Nassau County Department of Parks and Recreation and is not maintained by the Town.

14. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint, except to aver that the Town does not have control over the Republican Club committeeman lists.

15. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint, except to aver that the Town does not have control over the membership in the East Rockaway Republican Club.

16. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Verified Complaint, except to aver that the Town and the East Rockaway Village are two completely different municipalities and the Town exercises no control over the East Rockaway Village, its administration or any Village department.

17. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Verified Complaint, except to aver that Plaintiff was assigned on May 21, 2012 to Shell Creek Island Park as the park supervisor in the position of Park Supervisor III.

18. Town denies the allegations set forth in paragraph "18" of the Verified Complaint, and avers that Brian Dazzo became the park supervisor of Newbridge Road Park.

19. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint.

20. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Verified Complaint, except to admit that in October 2012, Super Storm Sandy caused catastrophic damage to the low lying areas of the south shore of Long Island which includes Harbor Isle, an unincorporated area within the boundaries of the Town of Hempstead.

21. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Verified Complaint, except to aver that Plaintiff took an emergency leave of absence from October 2012 to January 2013.

22. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Verified Complaint.

23. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Verified Complaint.

24. Town denies the allegations set forth in paragraph "24" of the Verified Complaint, except to aver that Plaintiff returned to work on January 9, 2013.

25. Town denies the allegations set forth in paragraph "25" of the Verified Complaint, except to aver that the Shell Creek Island Park suffered extensive damage as a result of Super Storm Sandy.

26. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Verified Complaint, and denies that portion of the paragraph that alleged Plaintiff advised John Zappola when he would leave the Park.

27. Town denies the allegations set forth in paragraph "27" of the Verified Complaint.

28. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Verified Complaint.

29. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Verified Complaint, and avers that the Town and the East Rockaway Village are two different municipalities and the Town exercises no control over the Village and/or any of the Village's departments.

30. Town denies the allegations set forth in paragraph "30" of the Verified Complaint with regard to the specific allegation that the Town subjected Plaintiff to increased harassment and discrimination and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "30" of the Verified Complaint.

31. Town denies the allegations set forth in paragraph "31" of the Verified Complaint except to aver that after a three month investigation into the GPS records of the Plaintiff's assigned fire department vehicle and his Town time records, Plaintiff was interviewed about the findings by Special Investigator Ray Enright in the presence of a union representative.

32. Town denies the allegations set forth in paragraph "32" of the Verified Complaint.

33. Town denies the allegations set forth in paragraph "33" of the Verified Complaint, except to aver that the Town and the East Rockaway Village are two different municipalities and the Town exercises no control over the Village and/or any of the Village's departments.

## AS AND FOR AN ANSWER TO ADVERSE EMPLOYMENT ACTION

34. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Verified Complaint.

35. Town admits the allegations set forth in paragraph "35" of the Verified Complaint.

36. Town denies the allegations set forth in paragraph "36" of the Verified Complaint, and avers that Plaintiff was terminated on August 26, 2013 for good cause after a thorough investigation was performed.

37. Town denies the allegations set forth in paragraph "37" of the Verified Complaint, except to aver that Plaintiff received a Notice of Discipline and Charges on November 6, 2009 regarding Plaintiff's unexcused absence from work. This Notice of Discipline and Charges provided for a 30-day suspension and a written advisement that *"future infractions of this nature will result in termination of employment."* See Exhibit A, Notice of Discipline and Charges dated November 6, 2009, attached hereto.

38. Town admits the allegations set forth in paragraph "38" of the Verified Complaint.

39. Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Verified Complaint.

40. Town admits the allegations set forth in paragraph "40" of the Verified Complaint.

41. Town denies the allegations set forth in paragraph "41" of the Verified Complaint.

42. Town denies the allegations set forth in paragraph "42" of the Verified Complaint.

43. Town denies the allegations set forth in paragraph "43" of the Verified Complaint, except to aver that when Plaintiff was reinstated to his employment with the Town

(June 2, 2014), he was assigned to the administration office of the Parks Department in the same title he held at the time of his termination in August 2013 (Park Supervisor III) with an increase in salary.

44. Town denies the allegations set forth in paragraph "44" of the Verified Complaint.

45. Town denies the allegations set forth in paragraph "45" of the Verified Complaint and avers that Plaintiff, upon his termination, was paid for his accrued time of 21 vacation days and seven (7) hours of sick time. As such, Plaintiff was not entitled to any accrued time upon his return to Town employment.

46. Town denies the allegations set forth in paragraph "46" of the Verified Complaint, except to aver that it complied with the May 20, 2014 decision of the arbitrator which specified set forth that Plaintiff should be "returned to his position of Parks Supervisor with no back pay or any additional benefits."

47. Town denies the allegations set forth in paragraph "47" of the Verified Complaint except to aver that Plaintiff has worked for the Town since November 1985.

48. Town denies the allegations set forth in paragraph "48" of the Verified Complaint except to aver that Plaintiff filed an application and paid the non-refundable processing fee with the Town of Hempstead Civil Service Commission to take the Special District Park Supervisor examination which was given on February 28, 2015.

49. Town admits the allegations set forth in paragraph "49" of the Verified Complaint.

50. Town denies the allegations set forth in paragraph "50" of the Verified Complaint and avers that Plaintiff was not qualified to take the examination for the Special District Park

Supervisor as he did not meet the minimum qualification as follows: *"To be eligible, a candidate must now be serving and have served in a continuous full-time permanent, competitive-class status as a PARK SUPERVISOR III or PARKS MAINTENANCE SUPERVISOR, with the Town of Hempstead, Department of Parks & Recreation, for at least 12 months immediately preceding the examination or be on a valid, unexpired leave of absence from such position."* See Exhibit B, Promotional Examination Notice, attached hereto. Plaintiff was terminated August 26, 2013. He was reinstated June 2, 2014. As a result, he did not meet the minimum requirements of serving in a continuous, full-time permanent position as a Park Supervisor III for at least 12 months immediately preceding the examination of February 28, 2015.

51. Town denies the allegations set forth in paragraph "51" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### (*First Amendment Retaliation – Free Speech*)

52. Town repeats, reiterates and realleges the answers set forth in paragraphs "1" through "51" as if the same were set forth at length herein and denies the allegations set forth in paragraph "52" of the Verified Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### (*First Amendment Retaliation – Assembly*)

53. Town repeats, reiterates and realleges the answers set forth in paragraphs "1" through "52" as if the same were set forth at length herein and denies the allegations set forth in paragraph "53" of the Verified Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO DEFENDANT'S LIABILITY

54. Town repeats, reiterates and realleges the answers set forth in paragraphs "1" through "53" as if the same were set forth at length herein and denies the allegations set forth in paragraph "54 (a), (b) and (c)" of the Verified Complaint and respectfully refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

55. The Verified Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

56. None of the acts complained of herein were taken pursuant to an official policy, custom or practice of Defendant and accordingly, the Verified Complaint fails to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

57. Plaintiff has sustained no damages and in any event has failed to mitigate any damages allegedly sustained.

## FOURTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred in whole or in part to the extent that the Defendant's actions were not the proximate cause of the harms alleged.

## FIFTH AFFIRMATIVE DEFENSE

59. Upon information and belief, in the event the Plaintiff is found to have sustained any injury as alleged in the Verified Complaint, all of which is expressly denied, then the injuries sustained or not as a result of any culpable conduct of Defendant, or in the alternative, the

9

amount of damages otherwise recoverable shall be diminished in the percentage proportioned to the culpable conduct of the Plaintiff which contributed to or caused Plaintiff's injury.

### SIXTH AFFIRMATIVE DEFENSE

60. Pursuant to the *Monell* doctrine, Defendant cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the Town cannot be liable for the acts or conduct of the individual defendant herein, as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

61. At all relevant times, Defendant acted in good faith and in full accordance with the law.

### EIGHTH AFFIRMATIVE DEFENSE

62. If Plaintiff sustained damages as alleged in the Verified Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of Defendant contributing thereto.

### NINTH AFFIRMATIVE DEFENSE

63. Plaintiff's constitutional rights have not been violated.

### TENTH AFFIRMATIVE DEFENSE

64. The actions complained of were reasonable and in full accord with the applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

65. The actions of the Defendant were justified, undertaken in good faith and without malicious intent, and were at all times within the scope of their authority and in accordance with all Federal, New York State and local law, rules and/or regulations.

## TWELFTH AFFIRMATIVE DEFENSE

66. At all applicable times herein, Defendant, its agencies, departments and employees enjoyed full, partial or qualified immunity from suit.

**WHEREFORE,** Defendant respectfully demands that Plaintiff's complaint be dismissed in its entirety with prejudice inclusive of his wherefore paragraphs (a) and (b), and for all other relief that the Court deems just and proper.

Dated: Garden City, New York
July 15, 2016

                          Yours, etc.

                          BERKMAN, HENOCH, PETERSON,
                          PEDDY & FENCHEL, P.C.

                          By: _____/s/_____
                              Donna A. Napolitano
                          *Special Counsel to Defendant, Town of Hempstead*
                          100 Garden City Plaza
                          Garden City, New York 11530
                          (516) 222-6200

TO: Jonathan A. Tand, Esq.
      *Attorneys for Plaintiff*
      Jonathan A. Tand & Associates
      990 Stewart Avenue, Suite 130
      Garden City, New York 11530

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

I, Michael J. Zappolo, being duly sworn, deposes and says:

I am the Commissioner for the Town of Hempstead's Department of Parks and Recreation; I have read the foregoing Verified Answer and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true.

_____
Michael J. Zappolo

Sworn to before me this
15th day of July, 2016

_____
Notary Public

DONNA A NAPOLITANO
Notary Public, State of New York
No. 02NA6104499
Qualified in Nassau County
Commission Expires January 20, 2020

# EXHIBIT A

Department Name: **Parks & Recreation**
Discipline #: _____

# NOTICE OF DISCIPLINE AND CHARGES

## PART 1

Employee's Name: __Edward Reicherter__     Title: __Park Sup. III__

Details: (Additional Sheets Attached? ☐ YES ☒ NO)

DESCRIBE NATURE OF INFRACTION:

While assigned to Oceanside Park for the Scheduled hours of 7am - 3pm, you did on Wednesday, Thursday, and Friday, August 19, and 21, 2009 leave your installation after punching in to attend a position held by you at the East Rockaway High School as a coach from 7:30 am to 11:30 am.

You did admit to this during the Town's investigation, in the presence of a CSEA Representative. Additionally, you called in sick from August 24, 2009 through September 2, 2009 during which time you continued to work for the East Rockaway High School as a coach.

**HISTORY**

|  | Date(s) |
|---|---|
| Written Reprimand(s): | _____ |

Suspensions:

|  | # Days | Dates |
|---|---|---|
| 1st | _____ | _____ |
| 2nd | _____ | _____ |
| 3rd | _____ | _____ |
| 4th | _____ | _____ |
| Other: | _____ | _____ |

Supervisor: _____ Date: __/__/__

## PART 2

Department Comments:

FUTURE INFRACTIONS OF THIS NATURE WILL RESULT IN TERMINATION OF EMPLOYMENT

**CURRENT DEPARTMENT ACTION**
(Check action taken)

☐ Reprimand            ☒ Suspension w/o Pay: __30__ days (Eff. Date: __11/9/09__)
☐ Fine                 ☐ Loss of Leave Entitlements: ____ days of ____ leave
☐ Demotion in Grade/Step   ☐ Termination (Effective Date: _____)
                       ☐ Other

Signature: _[signed] John E. Hannington_ Date: __11/6/09__
Department Head or Designated Deputy

## PART 3

You are hereby advised that you have a reasonable opportunity to have a CSEA representative present at the time any penalty or punishment beyond a reprimand is imposed.

Employee Signature: _[signed]_ Date: __11/6/09__ (P.)
(Employee's signature indicates receipt of Notice only)

I certify that the employee was served with and refused to accept ☐ or sign ☐ a copy of this Notice.

Authorized Signature: _____ Date: __/__/__

White Copy - Dept. Pers. File   Canary Copy - T.A. Office   Pink Copy - T.O.H. - C.S.E.A.   Goldenrod Copy - Employee

Rev. 1/96

November 6, 2009

I, Edward Reicherter, accept the 30-day suspension without pay, issued this date, and agree not to grieve this suspension in any manner.

_____ 11/6/09
Edward Reicherter        (Date)

# EXHIBIT B

PERSONNEL CHOSEN FOR MERIT AND FITNESS WITHOUT REGARD TO RACE, RELIGION, SEX, AGE, COLOR OR NATIONAL ORIGIN, DISABILITY, MARITAL STATUS OR ANY OTHER NON-MERIT FACTOR

# TOWN of HEMPSTEAD
## CIVIL SERVICE COMMISSION

**KATE MURRAY**
Supervisor

**Council Members**

ANTHONY J. SANTINO
DOROTHY L. GOOSBY
JAMES DARCY
NASRIN G. AHMAD
Town Clerk

ANGIE M. CULLIN
GARY HUDES
EDWARD A. AMBROSINO
DONALD X. CLAVIN, JR.
Receiver of Taxes

350 FRONT STREET
HEMPSTEAD, NY 11550-4037
516-489-5000 Ext. 3389

**Commissioners**
ALDO J. CAPERNA, Chairman
BERNARD MIROTZNIK
MICHAEL PERRY

ROBERT W. SCHMIDT
Executive Director

---

**APPLICATIONS ACCEPTED UP TO AND INCLUDING DECEMBER 18, 2014**

**EXAMINATION TO BE HELD ON SATURDAY, FEBRUARY 28, 2015**

## PROMOTIONAL EXAMINATION
### EXAMINATION NO. 74-774
### TITLE: SPECIAL PARK DISTRICT SUPERVISOR

**FEE:** A **NON-REFUNDABLE** Processing Fee of **$30.00** must be submitted for each separately numbered examination for which you apply. A certified bank check or money order, made payable to: TOWN OF HEMPSTEAD. **NO CASH OR PERSONAL CHECKS WILL BE ACCEPTED.** SEE GENERAL INSTRUCTIONS FOR FURTHER DETAILS.

**SALARY:** Varies.

**DUTIES:** Plans, organizes, coordinates, and supervises the operation and maintenance of a wide variety of recreational facilities within the confines of one or more Town of Hempstead, Department of Parks and Recreation, Special Park Districts. Performs related duties as required.

**MINIMUM QUALIFICATIONS:** To be eligible, a candidate must now be serving and have served in a continuous full-time permanent, competitive-class status as a **PARK SUPERVISOR III or PARKS MAINTENANCE SUPERVISOR**, with the Town of Hempstead, Department of Parks & Recreation, for at least **12 months** immediately preceding the examination, or be on a valid, unexpired leave of absence from such position.

**NECESSARY SPECIAL REQUIREMENT:** Possession of a current, valid Operator's license, issued by the New York State, Department of Motor Vehicles.

**VACANCIES:** The Departmental eligible list established as a result of this examination will be used to fill vacancies as they occur within the Department. There will be no interdepartmental eligible list established as a result of this examination.

**SUBJECT OF EXAMINATION:** A written test designed to evaluate knowledge, skills and/or abilities in the following areas:
1. Administrative Supervision;
2. Educating and Interacting with the Public;
3. Maintenance of Buildings and Equipment;
4. Operation of Park Facilities;
5. Preparing Written Material.

The New York State Department of Civil Service has not prepared a test guide for this examination. However, candidates may find information in the publication "How to Take a Written Test" helpful in preparing for this test. This publication is available on line at: www.cs.ny.gov/testing/localtestguides.cfm.

**SEE ATTACHED EXPANDED SCOPE DESCRIPTIONS:**

PAGE 1 OF 3

**SPECIAL PARK DISTRICT SUPERVISOR - #74-774** (Continued)

<u>NOTICE TO CANDIDATES</u>: Candidates are ALLOWED to use quiet, hand-held, solar or battery-powered calculators for this examination. Devices with typewriter keyboards, such as computers, spell-checkers, personal digital assistants, address books, language translators, dictionaries, cell phones, and any similar devices are prohibited.

This Commission reserves the right to limit the number of examinations, which may be taken by a candidate on a single test date.

<u>SENIORITY</u>: Seniority credits will be added only to the scores of passing candidates. Each passing candidate will be awarded one tenth of a point (.10) for each 6 months of continuous, permanent competitive service within the jurisdiction, up to a maximum of twenty years.

If your application is deemed satisfactory, the Commission will notify you by mail of eligibility to take the examination. Exam admittance notice will accompany such notification. IF YOU HAVE NOT RECEIVED YOUR EXAMINATION ADMITTANCE NOTICE BY TWO DAYS BEFORE THE EXAM DATE, PLEASE CONTACT THIS OFFICE.

This written examination is being prepared and rated by the New York State, Department of Civil Service. (See General Instructions.)

<u>PHYSICALLY CHALLENGED</u>: IF SPECIAL ARRANGEMENTS FOR TESTING ARE REQUIRED, INDICATE THIS ON YOUR APPLICATION FORM. FOR ADDITIONAL EXAMINATION INFORMATION, PLEASE CALL: (516) 489-5000, EXT. 3389.

<u>RELIGIOUS ACCOMMODATION</u>: MOST EXAMINATIONS ARE HELD ON SATURDAYS. IF YOU CANNOT TAKE THE TEST ON THE ANNOUNCED TEST DATE DUE TO A CONFLICT WITH A RELIGIOUS OBSERVANCE OR PRACTICE, CHECK THE SPECIAL ARRANGEMENT BOX ON THE TOP OF THE APPLICATION. WE WILL ARRANGE FOR YOU TO TAKE THE TEST ON A DIFFERENT DATE, USUALLY THE FOLLOWING MONDAY.

<u>**EXPANDED SCOPE DESCRIPTIONS**</u>:

1. **Administrative Supervision** – These questions test for knowledge of the principles and practices involved in directing the activities of a large subordinate staff, including subordinate supervisors. Questions relate to the personal interactions between an upper level supervisor and his/her subordinate supervisors in the accomplishment of objectives. These questions cover such areas as assigning work to and coordinating the activities of several units, establishing and guiding staff development programs, evaluating the performance of subordinate supervisors, and maintaining relationships with other organizational sections.

2. **Educating and Interacting with the Public** – These questions test for knowledge of techniques used to interact effectively with individuals and/or community groups, to educate or inform them about topics of concern, to publicize or clarify agency programs or policies, to negotiate conflicts or resolve complaints, and to represent one's agency or program in a manner in keeping with good public relations practices. Questions may also cover interacting with others in cooperative efforts of public outreach or service.

3. **Maintenance of Buildings and Equipment** – These questions test for knowledge of the principles and practices involved in the overall maintenance, construction, and upkeep of the typical structures, buildings, and equipment found in park facilities; and may include such areas as proper maintenance and repair of buildings, roadways, trails, flood control and drainage structures, minor mechanical and electrical systems maintenance, and safe operating practices.

4. **Operation of Park Facilities** – These questions test for knowledge of the practices and procedures involved in operating park facilities and may include such typical areas as job safety, grounds and equipment maintenance, prioritizing work schedules, inspection and repair of park playgrounds, picnic areas, swimming facilities, public restrooms, hiking trails, and other park facilities, water and wastewater line repair, proper use of hand and power tools, revenue collection, customer and employee relations, and proper handling of emergency situations.

5. **Preparing Written Material** – These questions test for the ability to present information clearly and accurately, and to organize paragraphs logically and comprehensibly. For some questions, you will be given information in two or three sentences followed by four restatements of the information. You must then choose the best version. For other questions, you will be given paragraphs with their sentences out of order. You must then choose, from four suggestions, the best order for the sentences.

DATE ISSUED: NOVEMBER 26, 2014

## PROMO-GENERAL INSTRUCTIONS

All inquiries should be directed to the Executive Director, Town of Hempstead Civil Service Commission, 350 Front Street, Hempstead, New York 11550.

**FEE:** In accordance with regulations issued by the New York State Department of Civil Service, the examination prepared for us by the State will be subject to a Processing Fee. In addition, examinations prepared, purchased, rated by or supplied to the Town of Hempstead Civil Service Commission will be subject to a Processing Fee.

**NON-REFUNDABLE:** A Processing Fee must be submitted for EACH separately numbered examination for which you apply. Payment should be submitted with your application in the form of a certified bank check or money order made payable to the **TOWN OF HEMPSTEAD**. The payment should also include the examination number(s) and your social security number. NO CASH OR PERSONAL CHECKS WILL BE ACCEPTED. The Processing Fee for candidates on Public Assistance in Nassau County will be WAIVED. Please indicate your Public Assistance claim number on your application. Public Assistance status will be verified with the Nassau County Department of Social Services.

**IT IS STRONGLY URGED THAT YOU CAREFULLY REVIEW THE MINIMUM QUALIFICATIONS CONTAINED IN THE EXAMINATION ANNOUNCEMENT TO ENSURE THAT YOU MEET THEM, AS THIS IS A NON-REFUNDABLE PROCESSING FEE.** Applications submitted without proper payment will be rejected without review.

In writing for an application form or information, candidates should indicate the examination number and title of the position.

**Make sure that every question is answered and that required certificates, licenses, transcripts and veterans' forms are included where necessary.**

If education beyond high school is required for eligibility, official transcripts must be submitted. If transcripts were filed previously with the Civil Service Commission, a notation should be made on the application.

Candidates should be mentally and physically fit to perform the duties compatible with the position. Medical or physical examinations may be required.

All statements are subject to verification. Inquiries may be made as to character and qualifications.

A record of disrespect for the requirements and processes of law, including repeated traffic offenses or disregard of summonses for traffic offenses, is grounds for disqualification for examination, or after examination, for certification and appointment.

The Commission does not acknowledge receipt of applications. If an application is rejected, candidate will be notified and can appeal the decision by contacting this office. Candidates will be notified when and where to appear for examination.

When the written examination is prepared and rated by the New York State Department of Civil Service in accordance with Section 23-2 of the Civil Service Law, the provisions of the New York State Civil Service Rules and Regulations which deal with the rating of examinations will apply.

No one will be admitted to the examination site without the official admittance notice and proof of identification in the form of a Photo I.D.

Lists made up as a result of these tests will remain in force for at least one year and may be extended by the Commission not to exceed four years.

Changing circumstances occasionally result in certification and offers of employment under different conditions, such as higher or lower salaries, than those announced.

**TOWN OF HEMPSTEAD IS AN EQUAL OPPORTUNITY EMPLOYER:** It is the policy of the Town of Hempstead to provide for and promote equal opportunity in *employment*, compensation and other terms and conditions of employment without discrimination on the basis of age, race, color, religion, national origin, gender, sexual orientation, marital status, or arrest and/or criminal conviction record unless based upon a bona fide occupational qualification or other exception.

**MILITARY SERVICE** - To claim veterans' credits on this examination, an applicant must have served in the United States Armed Forces at any time during the following dates:
- World War II - December 7, 1941 to and including December 31, 1946
- Korean Conflict - June 27, 1950 to and including January 31, 1955
- Vietnam Conflict - February 28, 1961 to and including May 7, 1975
- Lebanon - June 1, 1983 to and including December 1, 1987
- Grenada - October 23, 1983 to and including November 21, 1983
- Panama - December 20, 1989 to and including January 31, 1990
- Persian Gulf - August 2, 1990 to the end of such hostilities (not yet determined)
- Commissioned corps of the US public health services: July 29, 1945 - September 2, 1945
  June 26, 1950 - July 3, 1952

Credit for Lebanon, Grenada and Panama will be limited to those who received the Armed Forces expeditionary medal, the Navy expeditionary medal, or the Marine Corps expeditionary medal. The DD-214 form that has always been required to verify military service should also contain verification of possession of expeditionary medals for Lebanon, Grenada or Panama.

As of February 15, 1985 New York State Residency at the time of entry into active service is NO LONGER REQUIRED.

A disabled or non-disabled veteran who wishes to establish eligibility for additional credits MUST claim these credits with the filing of this application. You will be allowed the option of waiving these credits after the completion of the examination.

MULTIPLE EXAMINATIONS SCHEDULED FOR THE SAME DAY: If you have applied to take a written test announced by either one or several local jurisdictions (county, town, city) scheduled to be held on the same test date as this written test, you must notify each of the local jurisdictions no later than two weeks before the test date, so they can make arrangements for taking all tests at one test site. All examinations for positions in State government will be held at a State examination center.